**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PLAINTIFF | CIVIL ACTION |
| KENNETH AYERS and PAMELA AYERS, his wife<br>705 East Avenue<br>Franklinville, NJ 08322 | NO: |
| vs. | JURY TRIAL DIVISION |
| DEFENDANTS | |
| CHARLES H. THOMAN<br>16 Fairfield Lane<br>Chester Springs, PA 19425 | |
| and | |
| L. E. RIEHL CONSTRUCTION<br>496 Mt. Pleasant Road<br>Honey Brook, PA 19344 | |

## COMPLAINT

## JURISDICTION AND VENUE

1.    Plaintiffs, Kenneth Ayers and Pamela Ayers, his wife, are an adult individuals and

a residents of the State of New Jersey and reside at 705 East Avenue, Franklinville, Franklin

Township, County of Gloucester and State of New Jersey.

1

2.     Defendant, Charles Thoman, is an adult individual and a resident of the Commonwealth of Pennsylvania and resides at 61 Fairfield Lane, Chester Springs, County of Chester and Commonwealth of Pennsylvania.

3.     Defendant, L. E. Riehl Construction is a corporation, partnership and/or business duly authorized and existing under the laws of the Commonwealth of Pennsylvania with its registered office and/or principal place of business at 496 Mt. Pleasant Road, Honey Brook, Chester County and Commonwealth of Pennsylvania.

4.     This Court has jurisdiction over this action pursuant to Diversity of Citizenship, 28 U.S.C. § 1332 (a), as the parties are citizens of different States and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

5.     Venue is properly laid in this Court under 28 U.S.C. §1391 because the Defendants reside in this judicial district and all the relevant and material events giving rise to this action occurred in Pennsylvania.

**FACTS COMMON TO ALL COUNTS**

6.     On July 9, 2013, Plaintiff, Kenneth Ayers, was performing electrical work on a residential home at 559 Black Horse Hill Road, Coatesville, Chester County and Commonwealth of Pennsylvania when he fell through an uncovered, unprotected hole and suffered severe personal injuries as described below.

7.     At the time of his injury, Plaintiff, Kenneth Ayers, was employed by and working for Industrial Electrical Service Inc.

2

8.     Based on information and belief, Plaintiff's employer was performing electrical

work at the site under a subcontract with Defendants, Charles Thoman and/or L. E. Riehl

Construction.

9.     Based on information and belief, Defendant, Charles Thoman, cut a hole in the

floor and left it uncovered and unsecured.

10.     Based on information and belief, at all times relevant herein, Defendants,

Charles Thoman and/or L. E. Riehl Construction, were responsible for reviewing, supervising,

enforcing, and monitoring safety at the work site.

11.     Based on information and belief, Defendants, Charles Thoman and/or L. E. Riehl

Construction, undertook the responsibility, through their actions and exercise of control of

operations, to ensure that work at the site, including but not limited to framing work, was

performed in a safe manner and in compliance with Federal, State, local and internal safety

standards and regulations, and to provide the employees of Industrial Electrical Service, Inc.,

with a safe place in which to work.

12.     Based on information and belief, Defendants, Charles Thoman and/or L. E. Riehl

Construction, additionally undertook contractual duties to ensure that work at the site was

performed in a safe manner and in compliance with Federal, State, local and internal safety

standards and regulations, and to provide the employees of Industrial Electrical Services, Inc.,

with a safe place in which to work.

13.     Based on information and belief, Defendants, Charles Thoman and/or L. E. Riehl

Construction, undertook to obtain compliance with the contract documents applicable to the

3

site, by means of, among other things, active on-site presence of its employees and agents at the site.

14.     Based on information and belief, Defendants, Charles Thoman and/or L. E. Riehl Construction, had the authority, opportunity, responsibility and means to control the actions of its subcontractor, Industrial Electrical Services, Inc.

15.     At the time Plaintiff, Kenneth Ayers, was injured, there was no fall protection in place such as guardrails, hole covers, safety nets, and an inadequate and ineffective safety monitor system.

16.     On the day Plaintiff fell, there was an uncovered and unprotected hole in the floor; Defendants, Charles Thoman and/or L. E. Riehl Construction, took no steps to remedy this unsafe condition.

17.     The aforesaid incident was a direct result of the carelessness, negligence, gross negligence, wanton misconduct and/or reckless disregard for the safety of others of Defendants, Charles Thoman and/or L. E. Riehl Construction, and/or their breach of contractual duties as set forth more fully below.

18.     Defendants, Charles Thoman and/or L. E. Riehl Construction, carelessly, negligently, wantonly and with gross negligence and reckless disregard for the safety of others caused and/or permitted the hole through which Plaintiff fell to be and remain in a dangerous and unsafe condition in that it was unguarded and there was a complete lack of fall protection.

19.     As a direct result of the carelessness, negligence, gross negligence and wanton misconduct and/or negligent disregard for the safety of others of Defendants, Charles Thoman

4

and/or L. E. Riehl Construction, and/or its breach of contractual duties, Plaintiff, Kenneth Ayers, suffered a fracture of his left scapula, right knee fracture, left rib fracture, injuries to neck and back, the full extent of which are not yet known and some or all of which may be permanent in nature.

22.     As a direct result of the carelessness, negligence, gross negligence, wanton misconduct and/or negligent disregard for the safety of others of Defendants, Charles Thoman and/or L. E. Riehl Construction, and/or its breach of contractual duties, Plaintiff, Kenneth Ayers, has suffered and may continue to suffer great pain, disfigurement, distress, embarrassment, humiliation, loss of well being, and inability to enjoy the normal pleasures of life and loss of his ability to engage in his normal activities and pleasures of life.

23.     As a direct result of the carelessness, negligence, gross negligence, wanton misconduct and/or negligent disregard for the safety of others of Defendants, Charles Thoman and/or L. E. Riehl Construction, and/or its breach of contractual duties, Plaintiff, Kenneth Ayers, has required and may continue to require medical care and treatment, medicines, therapy, and has and will incur in the future, substantial expenses for medical and other care and treatment.

24.     As a direct result of the carelessness, negligence, gross negligence, wanton misconduct and/or negligent disregard for the safety of others of Defendants, Charles Thoman and/or L. E. Riehl Construction, and/or its breach of contractual duties, Plaintiff, Kenneth Ayers, has been unable to return to work and has suffered and may continue to suffer a loss of earnings and earning capacity.

5

## COUNT ONE - NEGLIGENCE

25.    Paragraphs 1 through 24 are incorporated herein by reference as if set forth at length.

26.    The aforesaid injuries suffered by Plaintiff, Kenneth Ayers, were directly and proximately caused by Defendant, Charles Thoman's and/or L. E. Riehl Construction's, carelessness, negligence, gross negligence, wanton misconduct and/or negligent disregard for the safety of others, consisting of, among other things, the following acts and/or omissions:

        a.    Negligently selecting to perform hazardous work a subcontractor which did not conduct its work in a safe manner;

        b.    Failing to conduct a pre-job safety meeting with its subcontractor to review its safety training program, its employee training, its safety procedures in general, and the specific safety procedures which were to be enforced during the contracted work;

        c.    Creating and/or permitting dangerous condition(s) at the job site, when defendants knew or should have known of its dangerous condition;

        d.    Failing to exercise reasonable care by maintaining a safe work site free of dangerous conditions;

        e.    Failing to warn of any hazards and/or dangers and unsafe conditions present at the site;

        f.    Failing to use reasonable care under the circumstances with respect to Plaintiff and other persons working at the work site;

        h.    Failing to implement an adequate safety program for the detection and abatement of unsafe and/or dangerous conditions and/or unsafe work practices;

6

i.  Failing to provide Plaintiff with a safe premises in his capacity as a business invitee;

j.  Failing to train, educate, advise, or supervise its agents, servants, employees, representatives and/or sub-contractors in reasonable and proper methods, including but not limited to establishing fall protection and safety monitoring;

l.  Performing inadequate and unreasonable investigation into the quality and safety practices of contractors or companies that Defendant retained to perform work at the site;

m.  Ignoring and failing to act upon deficiencies in the work performed by contractors of which the Defendant was aware and/or which Defendant knew or reasonably should have known created a significant risk of injury or death;

n.  Failing to develop, implement and comply with an adequate construction safety program as required by Federal regulations and industry standards;

o.  Reviewing the safety policy, training and practices of contractors in an inadequate, incomplete and unreasonable manner;

p.  Failing to adequately perform safety inspections and audits of the work being performed at the work site;

q.  Failing to properly or adequately perform its contractual duties, which it knew or reasonably should have known were for the benefit of workers at the site including Plaintiff, Kenneth Ayers;

r.  Failing to adequately and properly inspect and/or test the conditions of the subject property to determine whether the property contained dangerous conditions; and

s.  Such other acts and/or omissions constituting carelessness, negligence, gross negligence and wanton, negligent and conscious disregard for safety as shall become evident during the course of discovery.

7

27.     As a direct and proximate result of the negligence, gross negligence and wanton, negligent and conscious disregard for safety of Defendants, Charles Thoman and/or L. E. Riehl Construction, its agents, servants and employees; Plaintiff, Kenneth Ayers, has sustained serious injuries and damages as outlined previously in the Complaint.

WHEREFORE, Plaintiff, Kenneth Ayers, demands judgment against Defendants, Charles Thoman and/or L. E. Riehl Construction, in an amount in excess of $75,000.00, together with interest cost of suit and any other further remedy deemed appropriate by this Honorable Court.

### COUNT TWO - BREACH OF CONTRACT

28.     Paragraphs 1 through 27 are incorporated herein by reference as if set forth at length.

29.     Based on information and belief, Defendants Charles Thoman and/or L. E. Riehl Construction, in contracts between each other and with Industrial Electrical Service, Inc., agreed and covenanted that it would ensure that all work performed at 559 Black Horse Hill Road, Coatesville, PA, would be done in compliance with OSHA regulations as well as all other State and Federal safety regulations and that employees would be protected from falling by guardrail systems, safety net systems, personal fall arrest systems, or a combination of warning line system and guardrail systems, warning line system and safety net system, or warning line system and personal fall arrest system, or warning line system and safety monitoring system.

31.     Based on information and belief, Defendants, Charles Thoman and/or L. E. Riehl Construction, in contracts between each other and with Industrial Electrical Service, Inc., agreed and covenanted that it would ensure that all work was done in a safe manner.

8

32.   Plaintiff, Kenneth Ayers, was an intended third party beneficiary of these contractual obligations undertaken by Defendants, Charles Thoman and/or L. E. Riehl Construction.

33.   Defendants, Charles Thoman and L. E. Riehl Construction, breached and violated these contractual obligations.

34.   As a direct and proximate result of Defendants, Charles Thoman and L. E. Riehl Construction's, breach and violation of their contractual obligations, Plaintiff, Kenneth Ayers, has sustained serious injuries and damages as outlined previously in the Complaint.

WHEREFORE, Plaintiff, Kenneth Ayers, demands judgment against Defendants, Charles Thoman and/or L. E. Riehl Construction, in an amount in excess of $75,000.00, together with interest cost of suit and any other further remedy deemed appropriate by this Honorable Court.

## COUNT THREE - CONSORTIUM

35.   Plaintiff, Pamela Ayers, hereby incorporates by reference the allegations of Paragraphs 1 through 34 above as if fully set forth at length herein.

36.   At all times material hereto, the Plaintiff, Pamela Ayers, was and continues to be the wife of Plaintiff, Kenneth Ayers.

37.   Solely as a result of the aforesaid negligence and/or carelessness of the Defendants, Charles Thoman and/or L. E. Riehl Construction, and the resultant injuries of Plaintiff, Kenneth Ayers, the Plaintiff, Pamela Ayers, has been deprived of the assistance, society and consortium of her husband and will continue to be so deprived for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Pamela Ayers, demands judgment against the Defendants, Charles

Thoman and/or L. E. Riehl Construction, for an amount in excess of $75,000.00, together with

interest cost of suit and any other further remedy deemed appropriate by this Honorable Court.

**HOCKFIELD & KASHER, LLC**
Attorneys for Plaintiffs

By:

Jared N. Kasher, Esquire
20 Brace Road, Suite 20
Cherry Hill, NJ 08002
Phone:          856-429-1802
Facsimile:      856-429-6951
Email:          jnk@hockfieldlaw.com
Email:          sg@hockfieldlaw.com

**ZAVODNICK, ZAVODNICK & LASKY, LLC**
Co-Counsel for Plaintiffs

By:

Todd A. Lasky, Esquire
123 Broad Street, Suite 1940
Philadelphia, PA 19109
Phone:          215-875-7030
Facsimile:      215-875-7033
Email:          tlasky@zavodnicklaw.com

Date:   July 2, 2015